**James H. WHITE, Trustee in Bankruptcy for Las Olas Inn Corporation, Bankrupt, Appellant,**

**v.**

**Francis J. MURTHA and Floyd C. Webb et al., as Trustees of the Central States, Southeast and Southwest Areas Pension Fund, Appellees.**

**Francis J. MURTHA, and Floyd C. Webb et al., as Trustees of the Central States, Southeast and Southwest Areas Pension Fund, Appellants,**

**v.**

**James H. WHITE, Trustee in Bankruptcy for Las Olas Inn Corporation, Bankrupt, Appellee.**

**No. 23895.**

United States Court of Appeals Fifth Circuit.

July 12, 1967.

J. Edward Worton, Miami, Fla., for appellant.

Robert C. Ward, Miami, Fla., for appellees.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Murtha and Webb, Trustees of a Teamsters Union Pension Fund, hereinafter called the P. F. Trustees, have filed a petition for rehearing, urging that this court erred in holding that the trial court should not have accorded a priority to the P. F. Trustees for the 1960 taxes paid on the mortgage property by the P. F. Trustees. The payment was made after a mortgage foreclosure sale and the delivery of the master's deed to the

---

* Of the Tenth Circuit, sitting by designation.

P. F. Trustees. They predicate their petition on the asserted fact that they did not purchase the mortgage property at the foreclosure sale subject to the 1960 taxes.

In our former opinion, we accepted the statement of the Trustee in Bankruptcy that the P. F. Trustees purchased the mortgage property subject to the 1960 taxes, which statement was first challenged by the P. F. Trustees in their petition for rehearing. In that petition they set forth the decree of foreclosure, but they do not set forth the terms of the sale, as disclosed by the published notice of sale, the report of the special master, the order of confirmation, and the master's deed. However, we will assume that the sale was not made subject to the 1960 taxes, because we think if such was the fact the result would not be changed.

Section 397 of the Bankruptcy Act (11 U.S.C.A. § 797) provides that taxes owing to any state shall be paid by the debtor in possession or the corporation made use of for effectuating the plan. Here, the debtor in possession had no funds with which to pay the 1960 taxes and he could not pay a pro rata share thereof if he had funds with which so to do. Some other arrangement had to be made. The foreclosure sale wiped out all the debtor's assets. The taxes were not advanced by the P. F. Trustees to enable the debtor to operate the business. They were paid by the P. F. Trustees after the debtor had surrendered the property to them. The payment was made by the P. F. Trustees voluntarily, no doubt to avoid defaults on the three prior first mortgages on the property, in full force and effect, and not to discharge an obligation of the debtor. We think that the P. F. Trustees are not entitled as subrogees to assert the claim of the state against the Trustee in Bankruptcy.

For these reasons, we adhere to our former decision and the petition for rehearing is denied.